UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:04CR473 |
| Plaintiff, | : | |
| | : | **AMENDED** |
| vs. | : | OPINION AND MEMORANDUM |
| | : | [Resolving Doc. No. 57] |
| ELWOOD CLARK, | : | |
| Defendant. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is the Ohio Department of Transportation's ("ODOT") Motion for Withholding Order. [Doc. 57]. ODOT seeks a withholding order pursuant to Ohio Rev. Code § 2921.41(C)(2)(b) pertaining to any funds held in Defendant Elwood Clark's account with the Ohio Public Employees Retirement System ("OPERS"). Defendant Clark offers no opposition to ODOT's motion. For the reasons discussed below, the Court **DENIES** ODOT's Motion for Withholding Order.

I. Background

On December 2, 2004, a jury convicted Defendant Clark of two counts of making false statements in connection with a highway project in violation of 18 U.S.C. § 1020. Clark previously worked as an onsite inspector for ODOT. In that capacity, Clark was responsible for ensuring that a bridge painting contractor, Argo Contracting, Inc., met or exceeded contract specifications. The jury found Clark guilty of falsifying inspection reports relating to Argo's performance.

Case No. 1:04CR473
Gwin, J.

On March 3, 2005 this Court sentenced Defendant Clark to 28 months incarceration on each of the two counts. The jail sentences are to be served concurrently. The Court also ordered Clark to pay restitution of $234,000 to ODOT.

ODOT now requests that the Court order OPERS to withhold the amount Clark must pay in restitution from any payment that would otherwise be made to Clark under his pension or any other account that OPERS holds.

## II.  Analysis

*A.  Theft In Office*

Section 2921.41(A) of the Ohio Revised Code defines the crime of "theft in office" under Ohio law. That section generally prohibits Ohio public officials from using their positions to further the commission of a theft offense. As an ODOT employee, Clark was a "public official" for purposes of the theft in office statute. Ohio Rev. Code § 2921.01(A).

A "theft offense" is "an offense under an existing or former municipal ordinance or law of this or any other state, or of the United States, involving robbery, burglary, breaking and entering, theft, embezzlement, wrongful conversion, forgery, counterfeiting, deceit, or fraud." *Id.* § 2913.01(K)(3).

The Ohio Revised Code defines "deception" as "knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another . . . ." *Id.* § 2913.01(A). According to the legislative commentary, this definition of deception "adopts a broad concept of deceit, framed in terms not only of acts or omissions

Case No. 1:04CR473
Gwin, J.

but also results." *Id.* § 2913.01, cmt. (1974).

The jury convicted Clark of two counts of making false statements in connection with a highway project in violation of 18 U.S.C. § 1020. That offense involves knowingly making "any false statement, false representation, or false report as to . . . quantity or quality of the work performed or to be performed . . . ." 18 U.S.C. § 1020.

Under the Ohio Revised Code's broad definition of "deception," Clark's federal offenses fit the definition of theft offenses under Ohio law. *See* Ohio Rev. Code §§ 2913.01(A), 2913.01(K)(3). Because Clark committed the offenses in the course of his public duties, they also fit within the definition of theft in office. *Id.* § 2921.41(A). However, the jury did not convict Clark of committing a theft in office under Ohio law. They convicted him only of the two federal false statements offenses.

*B. Withholding*

Section 2921.41(C)(2)(b)(i) of the Ohio Revised Code permits a state agency to withhold pension payments to a public official who must pay restitution for committing a theft in office. That section provides:

> In any case in which a sentencing court is required to order restitution under division (C)(2)(a) of this section and in which the offender, at the time of the commission of the offense or at any other time, was a member of the public employees retirement system . . . the entity to which restitution is to be made may file a motion with the sentencing court specifying any retirement system . . . and any deferred compensation program of which the offender was a member . . . and requesting the court to issue an order requiring the specified retirement system . . . or the specified deferred compensation program . . . to withhold the amount required as restitution from any payment that is to be made under a pension, annuity, or allowance.

Ohio Rev. Code § 2921.41(C)(2)(b)(i).

Case No. 1:04CR473
Gwin, J.

Section 2921.41(C)(2)(a) generally requires a court to order a public official who commits a theft in office to pay restitution for the amount of the agency's loss. Specifically, the statute says:

> A court that imposes a sentence for a violation of this section [theft in office] . . . shall require the public official . . . to make restitution for all of the property or the service that is the subject of the offense, in addition to the term of imprisonment and any fine imposed.

Ohio Rev. Code § 2921.41(C)(2)(a).

The problem for ODOT is that section 2921.41(C)(2)(a) did not require this Court to order restitution. The jury did not convict Clark of committing a theft in office in violation of section 2921.41. While the Court ordered Clark to pay restitution, it did so under the guidance of the federal false statements statute and the federal sentencing guidelines. ODOT is thus not entitled to withholding under section 2921.41(C)(2)(b)(i).

Although ODOT cites several statutory provisions in support of its motion, it does not identify any cases that address the facts of the case. Specifically, ODOT cites no decision in which a federal court ordered withholding of state retirement benefits where the jury convicted the defendant of making false statements in violation of federal, not state, law. Nor can the Court identify any such case.

### III. Conclusion

For the reasons stated above, the Court **DENIES** the Motion for Withholding Order.

IT IS SO ORDERED.

Dated: May 3, 2005               s/      *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE